**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| DUNKIN' DONUTS <br>   FRANCHISING, LLC <br>  a Delaware limited liability company <br> 130 Royall Street <br> Canton, Massachusetts 02114 <br><br>     Plaintiff <br><br> v. <br><br> 14th STREET EATERY, INC. <br> 2001 14th Street, N.W. <br> Washington, D.C. 20009 <br><br>     **SERVE ON:** <br>     Mr. Mohammad Hoque <br>     President <br>     1625 N. George Mason Drive <br>     Suite 344 <br>     Arlington, VA 22205 <br><br> and <br><br> MOHAMMAD HOQUE <br> 2001 14th Street, N.W. <br> Washington, D.C. 20009 <br><br> and <br><br> YASMIN PARVEEN <br> 2001 14th Street, N.W. <br> Washington, D.C. 20009 <br><br>     Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil Action No: |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

     Plaintiffs, Dunkin' Donuts Franchising, LLC, by its attorneys, Thomas D. Kohn, Chantelle M. Custodio and Pessin Katz Law, P.A., hereby brings this action against Defendants, 14th Street Eatery, Inc., Mohammad Hoque and Yasmin Parveen, and for cause state that:

1246333

1

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Dunkin' Donuts Franchising ("DD") is a limited liability company organized under the laws of the State of Delaware. Dunkin' is qualified to do business in the District of Columbia and maintains its principal place of business at 130 Royall Street, Canton, Massachusetts 02021.

2. Defendant, 14th Street Eatery, Inc. ("Franchisee") is a corporation organized under the laws of the District of Columbia with its principal place of business located at 2001 14th Street, N.W., Washington, D.C. 20009 (the "Franchise Location").

4. Defendant, Mohammad Hoque ("Hoque"), is a resident of the Commonwealth of Virginia and regularly conducts business at 2001 14th Street, N.W., Washington, D.C. 20009.

5. Defendant, Yasmin Parveen ("Parveen"), upon information and belief, is a resident of the Commonwealth of Virginia and regularly conducts business at 2001 14th Street, N.W., Washington, D.C. 20009.

6. This dispute arises under the provisions of 15 U.S.C. Section 1114, et seq. Accordingly, jurisdiction of this Court over this action is conferred by 28 U.S.C. Section 1338.

7. Venue in this action lies in the District of Columbia, where Franchisee maintains its principal place of business, where Hoque and Parveen regularly transact business and where the claims stated in this Complaint arose.

## II. ALLEGATIONS OF FACT
(Dunkin' Donuts Proprietary Marks)

8. DD is an internationally known franchisor which has developed a proprietary system known as the "Dunkin' Donuts System" for the preparation and sale of donuts, coffee, bagels and other related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and information.

1246333

9.   DD's wholly-owned subsidiary, DD IP Holder LLC, is the owner of the trademark, service mark, and trade name "Dunkin' Donuts," and related marks (the "Dunkin' Donuts Marks").

10.   DD IP Holder LLC owns numerous federal registrations for the Dunkin' Donuts Marks. Among those registrations are Registrations Nos. 748,901, 1,148,165 and 1,159,354. Each of these registrations is in full force and effect and each is incontestable pursuant to 15 U.S.C. §1065.

11.   DD has the exclusive license to use and to license others to use the Dunkin' Donuts Marks and has used them continuously since approximately 1960 to identify its donut shops and the donuts, pastries, coffee, and other products associated with those shops.

12.   DD is authorized by DD IP Holder LLC to enforce all of its right, title and interest in the Dunkin' Donuts Marks.

13.   DD and its affiliates, as a result of the expenditure of time, skill, effort and money, have developed a distinctive system (the "Dunkin' Donuts System") relating to the establishment and operation of food service establishments and other techniques for the distribution of "Dunkin' Donuts" donuts and other authorized products and services.

14.   The distinguishing characteristics of the Dunkin' Donuts System include, without limitation, exterior and interior design, decor, color scheme and furnishings, special menu items, standards, specifications and procedures for operations, quality of products and services offered, procedures for inventory and management control, training and assistance, and advertising and promotional programs.

15.   DD identifies the "Dunkin' Donuts System" by means of the Dunkin' Donuts Marks.

16.   The Dunkin' Donuts Marks are distinctive, famous and have acquired secondary meaning.

17.   The Dunkin' Donuts Marks are used in interstate commerce and have been widely advertised and promoted by DD over the years.

18. The Dunkin' Donuts Marks have become famous throughout the United States and abroad. They are household names synonymous with high standards of quality, consistency and service and have obtained tremendous goodwill among the public. The public has come to know and recognize the Dunkin' Donuts Marks and to associate them exclusively with the products and services offered by DD and its franchisees.

19. The Dunkin' Donuts Marks are among the best and most widely known trademarks in the United States today and are assets of inestimable value to DD, representing and embodying DD's goodwill and favorable reputation.

### III. **ALLEGATIONS OF FACT**
(Franchise Location)

20. On or about September 15, 2011, Franchisee entered into a Franchise Agreement with DD for the operation of the "Dunkin' Donuts" shop, P/C 349790, located at 2001 14th Street, N.W., Washington, D.C. 20009 (the "Franchise Agreement") whereby DD was to receive monies in consideration for providing franchise, advertising and/or other services to Franchisee. A copy of the Franchise Agreement is attached hereto as Exhibit A.

21. The Franchise Agreement was executed by Defendants, Hoque and Parveen, as personal guarantors. The personal guarantees of Hoque and Parveen with regard to the Franchise Agreement are set forth on the third page of the Franchise Agreement.

22. Franchisee has materially breached the Franchise Agreement by failing to report sales and make payments of fees, rent and other costs as required by the Franchise Agreement.

23. On February 2, 2015, DD forwarded to Franchisee written Notice to Cure ("First Cure Notice") by Federal Express overnight delivery, return receipt requested, and first class mail, informing Franchisee that the Franchise Agreement would be terminated if Franchisee failed to remedy the breaches cited therein. The First Cure Notice was received by Franchisee on February 3, 2015. A copy of the aforesaid First Cure Notice and return receipt are attached hereto collectively as Exhibit B.

1246333

24. On March 19, 2015, DD, again, forwarded to Franchisee written Notice to Cure ("Second Cure Notice") by Federal Express overnight delivery, return receipt requested, and first class mail, informing Franchisee that the Franchise Agreement would be terminated if Franchisee failed to remedy the breaches cited therein. The Second Cure Notice was received by Franchisee on March 20, 2015. A copy of the aforesaid Second Cure Notice and return receipt are attached hereto collectively as Exhibit C.

25. Franchisee failed to remedy the breaches cited in the above-referenced Notices to Cure.

26. On April 1, 2015, DD forwarded to Franchisee, by Federal Express overnight delivery, return receipt requested, and first class mail, a written Notice of Termination of the Franchise Agreement. The Notice of Termination was received by Franchisee on April 2, 2015. A copy of the aforesaid Notice of Termination and return receipt are attached hereto collectively as Exhibit D.

27. Franchisee failed and continues to fail to remedy the breaches cited in the above-referenced Notice to Cure and Notice of Termination.

28. Franchisee continues to hold itself out to the public and operate as an authorized Dunkin' Donuts shop, all in violation of the above-referenced Notice of Termination and Sections 8 and 9 of the Franchise Agreement.

### IV. **COUNT I**
(Breach of Franchise Agreement)

29. DD incorporates in this Count all of the allegations made in Paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

30. Franchisee has failed to pay franchise fees due under the terms of the Franchise Agreement. Said franchise fees remain unpaid as of the date of this Complaint.

31. Franchisee has failed to pay advertising fees due under the terms of the Franchise Agreement. Said advertising fees remain unpaid as of the date of this Complaint.

32. Pursuant to Section 9.3 of the Franchise Agreement, Franchisee is required to pay reasonable attorneys' fees and costs incurred by DD to enforce the terms of the Franchise Agreement.

1246333

33. Pursuant to Section 9.3. of the Franchise Agreement, Franchisee is required to pay interest at the rate of eighteen percent (18%) per annum on all unpaid amounts due to DD.

34. As of April 1, 2015, Franchisee owes to DD the total sum of $12,686.75 for franchise fees, advertising fees, attorneys' fees, interest and other charges due under the Franchise Agreement.

35. DD has made demand for full payment of the monies owing to it by Franchisee under the terms of the Franchise Agreement.  Payment has not been made.

WHEREFORE, Plaintiff, Dunkin' Donuts Franchising, LLC, respectfully requests Judgment against Defendant, 14th Street Eatery, Inc., for:

  A.. Compensatory damages representing franchise fees, advertising fees and interest in an amount in to be determined as of the date of Judgment;

  B. Attorneys' Fees;

  C. Pre-Judgment interest;

  D. All fees accruing under the Franchise Agreement during the pendency of this matter;

  E. All other costs and fees accrued in the enforcement of DD's rights under the Franchise Agreement; and

  F. Such other relief which the Court may deem just and proper.

## V. COUNT II
(Trademark Violation)

36. DD incorporates in this Count all of the allegations made in Paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. The "Dunkin' Donuts" trademark and related proprietary marks were registered with the United States Patent and Trademark Office on February 2, 1960, Registration Number 692491, and on June 30, 1981, Registration Number 1159354.

1246333

38. Defendant has failed to operate the Franchise Location in accordance with accepted DD product standards.

39. Defendant has failed to operate the Locations in accordance with required DD procedures in that they have failed to pay all financial obligations due to DD, submit fee reports, profit and loss statements, balance sheets and financial statements as required by the Franchise Agreement.

40. Upon termination of the Franchise Agreement, Defendant was required to immediately cease use of the Dunkin' Donuts Marks. Defendant has not ceased such use.

41. The continued use of the Dunkin' Donuts Marks by Defendant and Franchisee's continued representation to the public as being authorized "Dunkin' Donuts" restaurant constitute violations of the Franchise Agreement.

42. The continued use of the Dunkin' Donuts Marks by Defendant and its continued representation to the public as being authorized "Dunkin' Donuts" restaurants constitutes fraud and illegal trademark infringement pursuant to §32 of the Lanham Act, 15 U.S.C. §1114.

43. Franchisee's continued use of the "Dunkin' Donuts" trademark and related DD proprietary marks has caused, and will cause, irreparable harm and injury to the reputation and goodwill of DD.

42. Franchisee has been unjustly enriched and has wrongfully profited from its wrongful and illegal use of the "Dunkin' Donuts" trademark and related DD proprietary marks.

WHEREFORE, Plaintiff, Dunkin' Donuts Franchising, LLC, respectfully requests:

A. An Order, preliminarily and permanently, enjoining and restraining Defendant, 14th Street Eatery, Inc., its stockholders, employees, assigns and agents, from operating as Dunkin' Donuts shops, from holding themselves out to the public as Dunkin' Donuts shops and/or from utilizing the trademark, trade secrets, confidential information, signs, symbols and other proprietary marks of DD;

B.    An Order declaring the Franchise Agreement terminated;

C.    An Order directing 14th Street Eatery, Inc. to file with this Court and serve upon DD, within thirty (30) days after service upon 14th Street Eatery, Inc., of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which 14th Street Eatery, Inc. has complied with the injunction.

D.    Attorneys' fees;

E.    Costs of suit; and

F.    Such other relief which the Court may deem just and proper.

## VI.   COUNT III
(Trade Dress Infringement)

43.    DD incorporates in this Count all of the allegations made in Paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44.    "Dunkin' Donuts" shops feature distinctive trade dress which is unique to DD and includes graphics, a distinctive pink and orange color scheme, the frankfurter style of lettering, packaging, display cases, containers, and other items relating to both exterior and interior appearance (the "Trade Dress").

45.    Upon termination of the Franchise Agreement, Defendant was required to immediately cease use of the Trade Dress. Defendants have not ceased such use.

46.    Defendant continues to use the Trade Dress at the Franchise Location.

47.    Defendant's use of trade dress that is identical or confusingly similar to the Trade Dress constitutes a false designation of the origin of the Franchise Location, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of the Franchise Location with the shops legally operated by DD licensees, all in violation of §43 of the Lanham Act, 15 U.S.C. §1125, and the common law.

48.     Defendant's acts have been done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

49.     The continued use of the Trade Dress by Defendant has caused, and will cause, irreparable harm and injury to the reputation and goodwill of DD.

50.     Defendant has been unjustly enriched and have wrongfully profited from its wrongful and illegal use of the Trade Dress.

WHEREFORE, Plaintiff, Dunkin' Donuts Franchising, LLC, respectfully requests:

A.      An Order directing Defendant to comply with the post-termination obligations pursuant to the Franchise Agreement including, but not limited to, the removal of all trade dress similar in nature to the Dunkin' Donuts Trade Dress;

B.      An Order directing each of 14th Street Eatery, Inc. to file with this Court and serve upon DD, within ten (10) days after service upon them of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

C.      Attorney's fees;

D.      Costs of suit; and

E.      Such other relief which the Court may deem just and proper.

### VII.  **COUNT IV**
(Breach of Non-Competition Clause)

51.     DD incorporates in this Count all of the allegations made in Paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.     Pursuant to Section 8 of the Franchise Agreement and the terms of the Personal Guarantees, Defendants are prohibited from owning, maintaining, engaging in, being employed by or having any interest in any business which sells or offers to sell any product of a type offered by a Dunkin' Donuts restaurant for a period of two (2) years following termination of the Franchise Agreement, within

a five (5) mile radius of the Franchise Location or from any other Dunkin' Donuts restaurant (the "Minimum Area of Competition").

53. Although the Franchise Agreement was terminated, as aforesaid, Defendant continues to operate its business at the Franchise Location which is the same as, or similar to, a Dunkin' Donuts restaurant, in violation of Section 8 of the Franchise Agreement.

WHEREFORE, Plaintiff, Dunkin' Donuts Franchising, LLC, respectfully requests:

    A.    An Order enjoining and restraining Defendant and the officers, directors, members, agents, employees and assigns of Defendant, from owning, maintaining, engaging in, being employed by, or having any interest in any other business which sells or offers to sell any product of a type offered by a Dunkin' Donuts restaurant within the Minimum Area of Competition for a period of two (2) years;

        B.    Compensatory damages;

        C.    Exemplary and punitive damages;

        D.    Attorney's fees;

        E.    Costs of suit; and

        F.    Such other relief which the Court may deem just and proper.

## VIII.  COUNT V
(Personal Guaranty)

54. DD incorporates in this Count all of the allegations made in Paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55. The Guarantors personally guaranteed performance and payment of the indebtedness of Franchisee pursuant to the Franchise Agreements, set forth in this Complaint.

56. Demand has been made on the Guarantors for full payment of the indebtedness pursuant to the Franchise Agreement. Said payment has not been made.

10

WHEREFORE, Plaintiff, Dunkin' Donuts Franchising, LLC, respectfully requests Judgment against Defendants, Mohammad Hoque and Yasmin Parveen, for:

    A.    All sums due by Defendants to Plaintiff pursuant to the Franchise Agreement;

    B.    Attorney's fees;

    C.    Costs of suit; and

    D.    Such other and further relief as this Court deems necessary.

### IX.  **COUNT VI**
(Accounting)

57. DD incorporates in this Count all of the allegations made in Paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58. Franchisee has knowingly and/or intentionally failed to report sales under the terms of the Franchise Agreement and has thereby wrongfully and/or fraudulently withheld franchise fees and advertising fees due and owing to DD.

59. The precise amount of the franchise fees and advertising fees due and owing cannot be determined until an accounting is performed.

60. DD is entitled to recovery of the unpaid franchise fees and advertising fees.

WHEREFORE, Plaintiff, Dunkin' Donuts Franchising, LLC, respectfully requests:

    A.    An accounting of the business and sales records of Defendant, 14th Street Eatery, Inc., in order to determine the amount of franchise fees and advertising fees wrongfully withheld;

    B.    Compensatory damages;

    C.    Exemplary and punitive damages;

    D.    Accounting fees;

    E.    Attorneys' fees;

F. Costs of suit; and

G. Such other relief which the Court may deem just and proper.

PESSIN KATZ LAW, P.A.

_____/s/_____
Chantelle M. Custodio
ccustodio@pklaw.com
(Bar. No. 982623)

_____/s/_____
Thomas D. Kohn
901 Dulaney Valley Road
Suite 500
Towson, Maryland 21204
(410) 339-5789

Attorneys for Plaintiff,
   Dunkin' Donuts Franchising, LLC